■ LEO A. WEISS, Appellant, v. EDWARD NATHAN, Respondent.— Appeal from order of the Supreme Court, Nassau County, dated October 3, 1967, which, on defendant's motion, dismissed the complaint, dismissed, without costs. The order was superseded by the later order on reargument (*Alpert* v. *Alpert,*

20 A D 2d 560). Order of the same court dated November 30, 1967, which, on reargument, adhered to the original decision, affirmed insofar as appealed from, without costs. In our opinion, the only reasonable inference that may be drawn from all the facts is that respondent was authorized to speak on behalf of the corporation Avien, Inc., and the Chairman of its Board of Directors, Pierre Alsina, personally. Indeed, appellant's attorney virtually admitted as much when he stated in his affirmation on the motion for reargument, "It is true that when the Court originally considered this motion evidence was wanting to refute defendant's contention, contained in his reply affidavit, that he had been authorized to make 'these specific statements' by Pierre Alsina." To supply the lack, appellant relied upon an affidavit by Alsina to the effect that no express authority had been given to respondent to go beyond the discussion of pure legal questions. In our opinion, however, this bare claim is so palpably untrue as to raise no triable issue. Nowhere is it stated that Alsina or any of the directors of the corporation objected to or withdrew any of the allegedly unauthorized statements, even though the speech in question was made in their presence, at a stockholders' meeting, and they had ample opportunity to do so. Furthermore, it is undisputed that in a petition that he verified on May 9, 1966, a few days after the meeting, Alsina repeatedly stated, with respect to the charges of misconduct leveled against appellant by respondent, that he (Alsina) had caused the charges to be announced to the stockholders. In the circumstances, appellant has made no evidentiary showing in opposition to respondent's motion that is sufficient to raise a triable issue (see *Schillinger* v. *North Hills Realty Corp.*, 15 A D 2d 539, affd. 11 N Y 2d 1044). Christ, Acting P. J., Brennan, Hopkins and Munder, JJ., concur; Martuscello, J., concurs in the dismissal of the appeal from the order dated October 3, 1967, but otherwise dissents and votes to reverse the order dated November 30, 1967 insofar as appealed from and to deny defendant's motion to dismiss the complaint, with the following memorandum: At a stockholders' meeting of Avien, Inc., on May 6, 1966, defendant expressed an opinion which is the subject of this action. Later what he said was put in written form by Pierre Alsina, Chairman of the Board of Directors of Avien, Inc., and given to defendant, who was outside counsel for the corporation at the time, for publication in the form of a "news release." On September 16, 1966, in an attempt to settle the various differences which had arisen among them, plaintiff gave Alsina and Avien, Inc., a general release. On February 16, 1967, plaintiff brought a prior action against defendant, for libel, alleging that the news release, written by Alsina, which defendant had delivered to the newspapers, was defamatory. On June 13, 1967, that action was dismissed on motion, on the ground that the general release by plaintiff of one joint tort-feasor, Alsina, released defendant, absent an express reservation to the contrary. The court found that the alleged libel was the joint product of Alsina, as author, and defendant as distributor or publisher. On June 14, 1967, the day after the dismissal, appellant commenced this suit for slander, predicated on the alleged defamatory remarks spoken by defendant to those present at the stockholders' meeting on May 6, 1966. On June 30, 1967, respondent moved under CPLR 3211 (subd. [a]) for dismissal of the complaint, and under CPLR 3211 (subd. [c]) for judgment on the merits, claiming (1) the action was barred under the doctrine of *res judicata* and the rule of collateral estoppel, (2) the releases executed by appellant to Avien and Alsina constituted a bar to the action, (3) the statements complained of were privileged and (4) the complaint fails to state a cause of action because the alleged statements are not defamatory per se and there is no allegation of special damages. In opposition, appellant submitted an affidavit by Alsina to the effect that he had not authorized respond-

ent to make the statements in question, either on behalf of Alsina or of Avien, wherefore neither Alsina nor Avien was a joint tort-feasor with respondent in the alleged slander and the releases in favor of Avien and Alsina did not operate to release respondent. The motion was granted, the court holding that the dismissal of the libel action, on the basis of the prior release to Alsina and Avien, was *res judicata* as to this slander action. On reargument the court adhered to its original decision. It seems to me that the determination of the libel action is not necessarily *res judicata* as to the slander action. In the libel action, Alsina prepared the libelous writing and defendant distributed it. They were therefore jointly and severally liable. Release of Alsina would release defendant for the libel. In the instant case, however, the complaint alleges that defendant was the author of the slander. Furthermore, Alsina deposed that he had not authorized defendant to make the statements, on behalf of either himself or the corporation. Although defendant was counsel to the corporation at the time of the statements, there is no proof as to whether in making such statements he acted as an agent of the corporation or as an independent contractor. Therefore, as to whether Alsina or Avien would be chargeable with uttering the slanderous statement presents a question of fact. If neither Alsina nor Avien can be chargeable with the slander, then the release to them had no effect on the action predicated thereon and consequently the libel determination would not be conclusive at bar. For these reasons a trial is necessary to ascertain whether Avien and Alsina were joint tort-feasors with respect to the slander. If no such situation exists, then defendant cannot utilize the release and the defense of *res judicata*.